## NEWARK SHOE STORES CO v WILLIAMS, a minor, etc

Ohio Appeals, 9th Dist, Summit Co

No 2194. Decided May 10, 1933

Lahrmer & Hadley, Akron, for plaintiff in error.

Irwin D. Allen, Akron, and Naef & McIntosh, Akron, for defendant in error.

## OPINION

By STEVENS, J.

Four principal assignments of error are urged by plaintiff in error:

First, that the court erred in failing to direct a verdict for plaintiff in error at the conclusion of the entire case.

Second, that the verdict is manifestly against the weight of the evidence.

Third, error in the admission and rejection of testimony.

Fourth, error in the general and special charges of the court.

The first assignment of error raises the question as to the liability of the contractee for the negligent acts of an independent contractor employed by contractee.

Counsel have exhaustively and thoroughly briefed the law of this and other states bearing upon this question and have thereby greatly lightened the burden of this court.

Plaintiff in error urges the adoption of the rule exculpating the owner of the sign in question from liability, for the reason that the injuries alleged to have been sustained by defendant in error were not caused by the falling of the sign itself, but by the falling of the ladder placed against said sign by the employees of the independent contractor, in making repairs thereon.

The evidence discloses that said sign was maintained by plaintiff in error over the sidewalk on Howard Street, in the city of Akron, which location is one largely used by the public. What, then, was the duty of the owner of said sign in maintaining the same over said street?

It will not be urged that the sign in and of itself was an "inherently dangerous" agency, but when it is considered in the light of being a heavy object, suspended over the heads of the public lawfully engaged in using the sidewalk beneath, it then becomes an instrument susceptible of causing great damage, in the event of its improper support.

The rule governing the legal responsibility of one maintaining such an agency is laid down by our Supreme Court in the case of **Covington & Cincinnati Bridge Co. v Steinbock & Patrick, 61 Oh St 215**, as follows:

"1. Where danger to others is likely to attend the doing of certain work, unless care is observed, the person having it to do, is under a duty to see that it is done with reasonable care, and cannot, by the employment of an independent contractor, relieve himself from liability for injuries resulting to others from the negligence of the contractor or his servants."

This is a leading case upon this subject, and has been consistently followed, without modification, in all later cases in this state.

The court, at page 223, further said:

"The weight of reason and authority is to the effect that, where a party is under a duty to the public, or third person, to see that work he is about to do, or have done, is carefully performed so as to avoid injury to others, he cannot by letting it to a contractor, avoid his liability, in case it is negligently done to the injury of another."

To the same effect is the case of **Warden v Pennsylvania Rd. Co.**, 123 Oh St 304:

"1. Where a person employs a contractor upon construction in a place where the public may lawfully pass, which work requires precautions to be taken to safeguard the public against danger, such person owes a duty to see that reasonable precautions are taken, and becomes liable jointly with the contractor for the failure of the latter to exercise due care."

Whether or not the work undertaken by the independent contractor at the instance of the owner is such work as to require "precautions to be taken to safeguard the public against danger," is obviously a question of fact, to be submitted to the jury under proper instructions.

"2. Whether danger to the public is likely to attend the doing of the work is a question of fact to be submitted to the jury under proper instructions."

Warden v Pennsylvania Rd. Co., supra.

Under the holdings of these cases, this court is of the opinion that it makes no difference whether the injuries alleged to have been sustained by defendant in error were caused by the falling of the sign itself, or the ladder used by the independent contractor employed by plaintiff in error in the making of repairs thereon. The defect which caused the ladder used by the independent contractor to fall, is conceded to have been a weakened or defective guy-wire by which the sign was maintained in position. It was the duty of plaintiff in error to see that reasonable precautions were taken to safeguard the public against danger attendant upon the repairing of said sign. This the plaintiff in error failed to do. Accordingly, we conclude that the lower court was correct in overruling the motion of plaintiff in error to direct a verdict for plaintiff in error at the conclusion of all of the evidence.

In considering the second assignment of error, a careful reading of the record in this case fails to convince this court that the verdict of the jury is manifestly against the weight of the evidence, but on the contrary impels us to the conclusion that the verdict is completely sustained by the weight of the evidence.

We have examined all of the alleged errors complained of in the third specification of error, and find no prejudicial error therein.

A painstaking review of the charges given before argument, and of the general charge of the trial court, leads us to the conclusion that said charges correctly state the law applicable to the facts of this case, are a concise and clear statement thereof, and that no error intervened by reason of the charges as given.

It is further urged that the verdict is excessive, and that it was given by reason of sympathy for the defendant in error.

However, in the face of the very credible evidence introduced by defendant in error as to the nature and extent of his injuries, and their probable permanency, we can neither say that said verdict was excessive nor that sympathy played any part in arriving at the amount thereof.

Judgment affirmed.

WASHBURN, PJ, and FUNK, J, concur in judgment.