## STATE THEATER CO v GATES

Ohio Appeals, 7th Dist, Mahoning Co

No 2282. Decided Oct 9, 1936

David C. Haynes, Youngstown, for plaintiff in error.

Henderson, Wilson, Mason & Wyatt, Youngstown, for defendant in error.

## OPINION

By CARTER, J.

This cause is in this court on error from the Court of Common Pleas of Mahoning County. The defendant in error, plaintiff below, brought her action in the Court of Common Pleas and named as defendants therein the State Theater Company, Youngstown, Ohio, and the Ohio Psycograph Company, of Cleveland, Ohio, and in her amended petition she alleges, in substance, that The State Theater Company is a corporation existing under the laws of the State of Ohio, and conducts a theater known as the State Theater in the city of Youngstown; that the defendant, the Ohio Psycograph Company, is a corporation organized and existing pursuant to the laws of the state of Ohio; that on the 30th day of May, 1933, and in the afternoon thereof, she accompanied her husband, E. L. Gates, to the State Theater for the purpose of seeing and hearing the attractions and amusements presented there; that after paying the price of admission she, together with her husband, was admitted to the premises of the State Theater, and particularly to the balcony thereof; that after having viewed the amusements and attractions presented at the theater, she, together with her husband, between the hours of five and six P. M., started to leave the balcony of the theater; that in so doing it was necessary for her to walk down a flight of stairs from the balcony to the main floor of the theater building; that while she was walking down this flight of stairs, an employe of the defendant companies, who was then and there under the control,

supervision and direction of the defendant, the State Theater Company, was engaged in carrying a piece of apparatus, the nature of which is unknown to plaintiff, and which apparatus was the property of either the defendant, The State Theater Company, or the defendant, the Ohio Psycograph Company; that this employe was walking rapidly up this flight of stairs, without observing what person or persons, including this plaintiff, might be engaged in the lawful use of the stairway, and without having due regard for the safety of any such persons, including this plaintiff, engaged in the lawful use of the stairway, violently and with great force ran into and against this plaintiff, throwing her with great force against the rail of said stairway, thereby causing the injuries of which complaint is made. She claims that by reason of having been thrown with great force against the stair rail, she sustained a severe bruise and contusion of the upper outer quadrant of the right breast, which caused a swollen, tender mass, about one inch in diameter, situated in the right mammary gland to develop in a few days time; that this mass has continued to grow in size until it is now approximately two inches by three inches in size; that it is painful, that she suffers constant pain therefrom, which pain also extends up into the back of her head, causing continuous headaches, and that the aforesaid injuries and conditions complained of have refused to yield to medical treatment and her condition is steadily growing worse, and that her injuries are of a permanent nature. She then alleges that her aforesaid injuries were caused and brought about solely by the negligence of the defendant, The State Theater Company, and/or defendant Ohio Psycograph Company, first in failing to observe and keep a lookout for the safety of other persons, including this plaintiff, who were engaged in the rightful use of said stairway at the time complained of; second, in carrying or permitting to be carried the aforesaid apparatus up the aforesaid stairway, without having due regard for the safety of such other person or persons, including this plaintiff, who were then and there engaged in the lawful use of said stairway; third, in permitting said person to proceed too rapidly up said stairway, without having due regard to the rights of such other person or persons, including this plaintiff, who were then and there engaged in the lawful use of said stairway; fourth, in carelessly and negligently running into and colliding with this plaintiff; fifth, in failing

to exercise ordinary care by way of instructing employes in the use of said stairway, as aforesaid, at a time when the stairs were properly used by patrons of said theater, and sixth, in failing to take any care for the safety and convenience of this plaintiff and other persons properly using said stairs as patrons of said theater. She further alleges that at all times herein mentioned the aforesaid employe of the defendant companies was engaged upon the business of his employers and within the scope of his employment, and claims she has been damaged in the sum of twenty-five thousand dollars.

To this amended petition a separate answer was filed by the defendant, The State Theater Company, this answer of the defendant, The State Theater Company being, in substance, as follows: It first admits that it is incorporated and exists under and by virtue of the laws of the state of Ohio, and that it conducts a theater, known as The State Theater, at 217 West Federal Street, Youngstown, Ohio. Answering further, defendant says that not being advised of the corporate existence of said Ohio Psycograph Company, and for the purpose of requiring strict proof thereof, denies the same, and by way of defense it alleges that the grievances, if any, complained of by plaintiff in her amended petition, were solely and proximately caused by herself or the said Ohio Psycograph Company, or by the said plaintiff and the said Ohio Psycograph Company jointly. It alleges that it was at all times in the exercise of due and proper care toward its patrons, and especially this plaintiff, and it was therefore not in any manner whatsoever responsible for her grievances of which complaint is made. As a further defense, the defendant specifically denies that any of its agents, servants or employes had at any time physical control or custody over the said apparatus mentioned in plaintiff's petition, but that the same was solely owned and operated by the said Ohio Psycograph Company, and that it was at all times controlled by said Ohio Psycograph Company, by and through its agents, servants or employes. By way of further defense, defendant alleges that the amended petition does not state a cause of action against this answering defendant, and prays that the petition of plaintiff be dismissed.

No answer was filed by the defendant, the Ohio Psycograph Company. The cause came on for trial to the court and jury, resulting in a verdict in favor of the plaintiff in the amount of $2500.00. Motion for new trial and also a motion for judgment notwithstanding the verdict were filed by the defendant. These motions were overruled and judgment rendered on the verdict, and error is prosecuted to this court to reverse said judgment. During the course of the trial, and at the close of all the evidence, and on the motion of the plaintiff, the latter defendant was dismissed from the case and the cause proceeded solely against The State Theater Company.

At the conclusion of plaintiff's testimony a motion was made by The State Theater Company to arrest the evidence from the jury and direct a verdict in favor of the defendant, The State Theater Company. This motion was overruled and exceptions noted. Testimony was then introduced on behalf of the defendant, and at the conclusion of all the testimony a like motion was again made by The State Theater Company, to arrest the evidence from the jury and direct a verdict for the defendant, The State Theater Company, which motion was likewise overruled and exceptions noted.

The errors of which complaint is made, as set out in the brief of plaintiff in error, are, first that the court committed error in refusing to charge the jury on the question of contributory negligence. Some question is raised as to there being a proper request to so charge. However, the record discloses the following: The court made this inquiry: "Are there any additions, corrections or amendments that counsel desire to suggest? Mr. Henderson: Plaintiff has none, Your Honor. Mr. Haynes (representing the Theater Company): I think contributory negligence has a place in this pleading and the evidence. Court: I do not find it is pleaded. Mr. Haynes: I raised it in the answer." The court refuses to charge on the issue of contributory negligence for the reason it was not raised in the case by the answer and was not raised by the evidence in the judgment of the court. Defendant excepts to the refusal of the court to charge upon the question of contributory negligence on behalf of the plaintiff and also takes a general exception to the charge of the court. We think this was sufficient to call to the attention of the court the matter of the claim of defendant that contributory negligence should be charged, and the court so considered in his answer to this request. We therefore conclude that there was a sufficient request and a refusal on the part of the court to so charge. It is urged that the

evidence discloses that the plaintiff was guilty of contributory negligence as a matter of law. If so, then the motion for a directed verdict should have been sustained at the conclusion of plaintiff's testimony. However, was there evidence submitted which called for a submission of this question to the jury. The record discloses the following: During the month of May, 1933, the State Theater Company was operating a regular moving picture house. Prior to May 26th, 1933, The State Theater Company, by and through its duly authorized agent and manager, entered into a contract with the Ohio Psycograph Company, of Cleveland, Ohio, wherein the latter was to supply and operate, for a consideration, a certain Psycographic machine in the outer lobby of the State Theater, for one week, commencing Friday, May 26th, 1933, and ending Thursday, June 1, 1933. This machine in construction was likened to an ordinary hall tree with a helmet on the top and two arms extending outwardly from what would be about the neck. The purpose of this machine was to read the well known bumps on the heads of such persons who desired to have the same done. It appeared that it was not necessary that one be a purchaser or a ticket holder of the State Theater to obtain the privilege to have his head read, inasmuch as one could go into this outer lobby and have this operator of the psycographic machine perform upon him without entering the theater proper. There is some evidence in the record that instructions were given all employes of the State Theater to remain away from this machine and not touch it, and that the employe who operated the machine was alone allowed and permitted to operate same; that on the 30th day of May, the plaintiff below, accompanied by her husband and other members of the family, came to Youngstown from Cochranton, Pa., and entered the State Theater during the afternoon and seated themselves on the main floor of the theater, for the purpose of seeing the picture. Upon having seen the picture, they all left and gathered in the lobby of the theater. From this lobby there extend two flights of stairs on either side of the lobby to the second floor. Access to the ladies' rest room is gained by using the left stairway and to the men's by using the right stairway. Mrs. Gates had gone up the left stairway and Mr. Gates the right, and upon coming down the stairway the plaintiff observed this employe carrying the machine in question upon the steps, she having seen him when he was about two or three steps up from the lobby proper, he being on the right hand side of the steps and Mrs. Gates on the left hand side. She, observing this, did not stop or alter her course in any manner and continued walking down the steps, and about the time the operator of the machine was passing her, she testified one of the arms of the machine caught her on the left arm, throwing her to her right in such a manner that her right breast came in contact with the railing.

Now, it is claimed that contributory negligence is indicated in the following testimony elicited from the plaintiff on her cross examination by counsel for the defendant:

"Q. Now, I believe you had just gotten down a very few steps when you observed this gentleman coming up the steps with this object. Is that correct?

A. Yes sir.

Q. You had seen him probably one-third of the way of the whole flight of the steps coming up, is that correct?

A. Yes sir.

Q. In other words, you had probably traversed about one-third of the way down and he came up about one-third of the way, is that correct?

A. He came up about, well better than half, I suppose.

Q. How did he come up?

A. He ran up.

Q. He ran up?

A. Yes, sir.

Q. When did you decide that he ran up the steps, Mrs. Gates?

A. Why, I decided all the time. I knew it all the time he ran up the steps.

Q. This happened below the first landing?

A. Yes, sir.

Q. And you had seen him coming up these steps, running?

A. Yes, sir.

Q. You kept on coming down, though, didn't you?

A. Yes, sir.

Q. So you were looking over to the side to see if you might see your husband coming down?

A. No sir, I was looking straight down the steps where I was going.

Q. And you saw this man coming up?

A. Yes sir.

Q. One step at a time?

A. Yes, sir.

Q. With this object under his left arm?

A. Yes, sir.

Q. And he had come up about one-third of the way at the time you went down about one-third, or did you not see him until you got down to the landing, in other words, didn't he start up until you got about to the landing?

A. He started when I got to the landing.

Q. That is what we want to get straightened out. Were you on the landing when you saw him start up?

A. I started down from the landing when I saw him coming up, yes.

Q. For example, you were standing there a moment, you saw him start from the bottom, you took a step and left the landing, is that correct?

A. Yes, sir."

The plaintiff also testified further as follows:

"Q. This happened below the first landing?

A. Yes, sir.

Q. And you had seen him coming up those steps running?

A. Yes sir.

Q. You kept on coming down, though, didn't you?

A. Yes, sir.

Q. And then there wasn't anything about the manner in which he was coming up the steps then that caused you any alarm and which caused you to stop or anything, was there?

A. No, sir.

Q. There was plenty of room on those steps for the both of you, wasn't there?

A. Yes sir.

Q. Rather wide steps, is that correct?

A. I just don't know how wide they were.

Q. Well, did it occur to you as you were walking down those steps and had gotten down to about the landing, when you saw this man running up those steps with this nickel-plated object, that you were in a rather dangerous place?

A. I never thought that he would run into me.

Q. Did he run into you?

A. He hooked my arm.

Q. As he was running?

A. Yes sir.

Q. But taking one step at a time?

A. Yes sir."

All the evidence of plaintiff in error and defendant in error shows that Mrs. Gates was on or about the landing of the stairs, coming down, when she saw a man start to run up the stairs, a step at a time, with a nickel-plated object. There was nothing in the manner in which he was coming up the stairs which seemed to have alarmed her, there being plenty of room on the stairs for both of them. It appears that she continued to walk on down the stairs with her right hand resting on the right hand rail next to the way until she was struck by the object being carried upstairs.

We have read and considered the testimony on the issue of contributory negligence, and find and hold that there was no error on the part of the trial court in refusing to charge on the issue of contributory negligence.

Now, it is claimed that the injury of which plaintiff complains was brought about solely and proximately by and through her own negligence or by and through the sole negligence of the Psycograph Company, or by and through the joint negligence of the plaintiff and the Psycograph Company, and it has been urged that the Psycograph Company was an independent contractor, and that under the circumstances the defendant, the State Theater Company, exercised ordinary care in the protecting of its patrons during the time the machine in question was located in their building. The agreement under which this machine was placed in the lobby is in evidence, and is as follows:

"We herewith authorize you to install a Psycograph machine and operate, with operator, State Theater, in the city of Youngstown, State of Ohio, for 7 number of days, beginning Friday, May 26th, and ending Thursday, June 1st, inclusive, 1933.

"The Psycograph machine is to be operated on the following hours, 12:30-6, and 7-10, during the days of this agreement, for which we agree to pay you $150.00. Payment to be made to Ohio Psycograph Company or our authorized agent. In the event of a percentage engagement, settlement is to be made daily.

"The exhibitor agrees to run in advance a trailer on his screen that will advertise the coming of the Psycograph machine on 1 week adv. (date), and during the engagement will run a trailer on the screen specifying the hours on which readings will be given.

"Further, the exhibitor agrees to display prominently in his lobby marquee before or during the engagement (the Psycograph) publicity material.

Accepted by

The Ohio Psycograph Company,

John S. Strachan   Exhibitor

   Officer.   ——Solomon."

Whether this contract and the evidence introduced establishes the relation of employer and independent contractor is unnecessary to determine, as far as the errors are concerned in this case, for the reason that the lower court took the view that the Psycograph Company was an independent contractor, and so charged the jury, and of course defendant could not complain that such a determination was injurious to it. Assuming that the defendant Psycograph Company was an independent contractor, such fact would not relieve the employer from all liability by reason of that fact alone. This rule was recognized by the defendant when it requested the court to charge, before argument, the following:

"The court charges you as a matter of law that if you find the defendant, The State Theater Company, exercised ordinary care for the safety of the plaintiff while she was a patron in its theater, then there cannot, as a matter of law, be any recovery against the said defendant, The State Theater Company, and your verdict must be for The State Theater Company."

So that it is clear that assuming that the relationship of employer and independent contractor did exist in this case, the defendant realized that it was necessary for the defendant to exercise some care under the circumstances, even though the Psycograph Company was an independent contractor. This question has heretofore been settled in this state. The general rule is that one who causes work to be done is not liable ordinarily for injuries that result from carelessness in its performance by the employee of an independent contractor to whom he has let the work, without reserving to himself any control over the execution of it. **Railroad Company v Morey, 47 Oh St 207.** However, there are certain well recognized exceptions to this general rule, and one of the exceptions is where a person employs a contractor to do work in a place where the public may lawfully be, which work requires precautions to be taken to safeguard the public against danger, such person owes a duty to see that reasonable precautions are taken and becomes liable for the failure of the latter to exercise due care. This principle has been enunciated as the law of the state for many years. This court followed this rule in a recent case, being the case of **Richman Brothers v Mar-**garet Miller and the Ohio Edison Company, defendants, decided June 21, 1935, in which the writer of this opinion also wrote that opinion. This case was certified to the Supreme Court, was heard on its merits, wherein this court was affirmed.

In the case of **Newark Shoe Store Company v Williams, a Minor, 15 Abs 656,** the court held:

"One cannot, by employing an independent contractor to perform work susceptible to causing damage to another unless care is observed, relieve himself from liability for injuries resulting to third persons by the performance of the work.

"Whether or not the work of washing and painting a sign suspended over a sidewalk largely used by the public, undertaken by an independent contractor at the instance of the owner, is such as to require precautions to be taken to safeguard the public against danger is a question of fact to be submitted to the jury under proper instructions."

Now, this theater was a public place, a place wherein people assembled in great numbers. The management gave permission to use the lobby and store the machine in question upstairs. The operator was carrying same to this upstairs room when the injury occurred. Whether permitting this to be done when the theater was open to the public and whether sufficient precautions were taken to guard patrons from injury in using the stairs were questions for the jury to determine under proper instructions. There were some precautions taken in that they were to move this machine upstairs during certain periods of the day when the occupation of the stairs would be small. However, we can not say as a matter of law that these were sufficient precautionary measures, but that it was a proper issue to submit to the jury. The court gave the rule as to the degree of care required of the defendant. The jury found for the plaintiff, and we are not at liberty to say that there was no basis upon which such verdict could be predicated. The court did not err in overruling the motions and rendering judgment on the verdict.

Judgment affirmed.

ROBERTS and NICHOLS, JJ, concur.